## Mayor, Aldermen, and Citizens of PITTSBURGH, v. THOMAS O'NEILL.

### In Error.

The number of bricks laid in a pavement may be computed by allowing a given number to the square yard, according to the usage of the craft, proved by the testimony of a paver.

ERROR to the District Court of Alleghany county.

This was an action on the case in assumpsit, brought by Thomas O'Neill, the defendant in error, who was the plaintiff below, against the Mayor, Aldermen, and Citizens of Pittsburgh, the defendants

below, to recover $250, or thereabouts, for work and labour done, and materials furnished, agreeably to a contract between the parties for paving the top of the basin connected with the new waterworks of said city.

The only matter in dispute was in regard to the measurement and computation of the number of bricks furnished and laid in performance of said contract.

Patrick Trainer was called by the plaintiff as a witness, and having been sworn, stated that he had been a brick paver for twenty-three years.

Plaintiff's counsel asked witness " to state what is the customary allowances, and his own observation as to the number of bricks in a square yard."

To this question defendants' counsel objected.

The court overruled the objection: whereupon defendants excepted, and a bill was accordingly sealed by the court.

The jury rendered a verdict for the plaintiff: whereupon the writ of error was taken by the defendants, who assigned the following error in this court:

The court erred in admitting the evidence of Patrick Trainer, as stated in the above bill of exceptions.

*Smith,* for plaintiff in error, argued that there was error in admitting the witness to testify to usage or custom; 2 Starkie, 455. That a written contract could not be varied by any evidence of a custom. To this position, he cited 1 Johns. 192; Chitty on Contracts, 25, 99; Greenl. Ev. 336.

*Burke,* contrà.

*Williams,* in reply.

PER CURIAM. All trades have their usages; and when a contract is made with a man about the business of his craft, it is framed on the basès of its usage, which becomes part of it, except when its place is occupied by particular stipulations. Now the witness had been a paver for thirty years; and he was called, as an expert, to speak of the method employed by pavers to ascertain the number of bricks laid in a job without reckoning them by tale. He was allowed to prove how many of an ordinary size went to the square yard; and from that the whole number could be ascertained by measuring the sides of the pavement, just as the whole number of shot in a pile can be ascertained by the number contained in the sides of the base. As an expert, therefore, the witness was competent. But it is said that the paving of the

top of the basin was to be done on the terms contained in the written contract for paving the bottom and the sides. That contract, however, has no provision that would affect the general principle; and the evidence was consequently proper.

Judgment affirmed.